## BLAIR *v.* ST. LOUIS, H. & K. R. Co. and another.[1]

*(Circuit Court, E. D. Missouri.* May 12, 1884.)

RECEIVERS—COMPENSATION FOR SERVICES OF LEGAL ADVISER, RENDERED BEFORE AND AFTER RECEIVER'S APPOINTMENT—AGAINST WHAT FUNDS CHARGEABLE.

In a suit brought by A. against B. and C., two railroad companies, E. acted as a torney for the defendants. After services had been rendered by E., but befo re the case was disposed of, F. was appointed receiver of C. in a foreclosure suit C. was appointed F.'s legal adviser, and continued to act in the case brought by A. until it was disposed of, and also rendered other legal services. Upon an application by E. for compensation for said services, *held*—

(1) That the fee allowed for services rendered after F.'s appointment was chargeable against F., and should be paid out of the funds in his hands.

(2) That the compensation allowed for services rendered in A.'s case before F. was appointed, was a charge against B. and C., and was payable out of whatever surplus might remain in the hands of the receiver after the lien, demands, and expenses were paid.

Application by Attorneys for a Receiver for compensation for legal services, part of which were rendered before and part after the receiver was appointed.

TREAT, J. This is an application by Smith & Harrison for compensation for legal services. When the receiver was appointed there was a case pending of *Fogg v. The Defendant et al.* The court thought that the receiver should defend said case in the interest of all concerned, and authorized him so to do. For all the services theretofore and subsequently rendered, the amount claimed, to-wit., $1,000, may not be excessive. Shall the whole of said amount be charged against the funds in the hands of the receiver, or only such portion thereof as resulted from the defense by him as authorized by the court? The ordinary course of such proceedings, under the decree as rendered, would be a charge solely against the two corporations, defendants, to abide the final outcome of the estate. It seems, therefore, equitable that the receiver be ordered to pay to the petitioners the sum of $500; the other $500 claimed to be charged against whatever surplus may come to the hands of the receiver after the lien, demands, and expenses have been discharged.

As to the other demands for which services are claimed, the same

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

being chargeable against the receiver directly, the only question is as to what should be properly allowed therefor. Under some circumstances it might appear that the amount is moderate; but, in the interests of all concerned, the court thinks that $200 is ample.

The court, therefore, orders the receiver to pay to the petitioners, Smith & Harrison, the sum of $700, and that there be assessed against the defendant railroads the sum of $500; the latter sum to abide the final determination of the case.